FILED
SUPERIOR COURT
OF GUAM

2024 JAN 30 PM 1: 55

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| 888 GUAM LLC d.b.a. CLEAN SHOT GUAM,<br><br>                    Plaintiff,<br><br>vs.<br><br>JASON PAUL CASTRO CAMPOS and GINA ANN P. CAMPOS,<br><br>                    Defendants. | Civil Case No. CV0680-19<br><br>**DECISION AND ORDER**<br>*Re: Plaintiffs' Second Motion for Attorney's Fees and Costs; and Defendant's Motion to Strike Plaintiff's Reply in Support of Plaintiff's Second Motion for Attorney's Fees and Costs, or in the Alternative, for Leave to File Sur-Reply* |

This matter came before the Honorable Arthur R. Barcinas on August 15, 2023 and November 7, 2023 for a hearing on Plaintiff's Second Motion for Attorney's Fees and Costs ("Second Motion"), and Defendant's subsequent Motion to Strike Plaintiff's Reply in Support of Plaintiff's Second Motion for Attorney's Fes and Costs, or in the Alternative, for Leave to File Sur-Reply Motion to Set Aside Default Judgment ("Motion to Strike"). Plaintiff 888 Guam LLC d.b.a. Clean Shot Guam ("Plaintiff") was represented by Attorney Minakshi V. Hemlani. Defendants Jason Paul Castro Campos and Gina Ann P. Campos (collectively, "Defendants") were represented by Attorney Mark Williams. After considering the pleadings, oral arguments, and applicable law, this Court **GRANTS** Plaintiff's Second Motion, and **DENIES** Defendants' Motion to Strike and alternative Motion for Leave to File Sur-Reply.

## BACKGROUND

This case arises out of a contract dispute concerning an option to purchase real property described as 311 Monessa Lane, Pago Bay, Chalan Pago ("Property") under the Lease Agreement with Option to Purchase Property ("Lease/Purchase Agreement") entered into by

Plaintiff and Defendants on or about July 25 and 26, 2014. *See* Compl. ¶ 5 (May 31, 2019). Plaintiff filed the Verified Complaint for Specific Performance and Alternatively for Breach of Contract on May 31, 2019. Defendants were served with the Summons and Complaint on July 14, 2019.

Defendants filed a Notice of Bankruptcy Filing to this Court on July 8, 2019, indicating they had filed a voluntary petition for bankruptcy in the U.S. Bankruptcy Court, District Court of Guam ("District Court of Guam"). As a result, proceedings before this Court in the above-captioned matter were stayed pursuant to 11 U.S.C. §362. Plaintiffs filed a Notice of Bankruptcy Case Dismissal on July 6, 2020, indicating that Defendants' bankruptcy case had been dismissed. Plaintiff served a copy of the Notice via certified mail to the Defendants' last known address on July 7, 2020. Decision and Order (Dec. 30, 2020) at 2.

A Notice of Status Hearing was issued on September 23, 2020. Neither Defendants nor their counsel appeared at the Status Hearing held on September 29, 2020. Plaintiff filed a Motion for Entry of Default and Judgment on September 30, 2020, which was served on Defendants' counsel via electronic mail on October 2, 2020. The Clerk of Court entered an Entry of Default on October 7, 2020. On October 22, 2020, Defendants filed their Answer and Counterclaim. Defendants also filed their opposition to the Motion for Default on October 30, 2020, and Plaintiffs filed a reply on November 11, 2020. After taking the matter under advisement, the Court issued a Decision and Order granting Plaintiff's Motion for Entry of Default Judgment on December 30, 2020. The decision upheld the Entry of Default entered by the Clerk of Court for the request of specific performance and ordered Defendants to perform their obligations under the Lease/Purchase Agreement and convey marketable title to the Property. The Court also ordered the Defendants' Answer and Counterclaim stricken from the record.

On March 11, 2021, Defendants submitted their Motion to Set Aside Default Judgment. Plaintiff filed its opposition on April 5, 2021. Defendants submitted a reply on April 22, 2021 and Plaintiff filed a surreply on May 24, 2021. On May 26, 2021, On August 11, 2021, the Court issued a Decision and Order, affirming its December 30, 2020 Decision and Order and denying Defendants' Motion to Set Aside Default Judgment.

On January 3, 2022, Plaintiff filed its first Motion for Attorney's Fees and Costs, reserving its right to seek attorney's fees on the grounds that said fees were reasonable and authorized by contract. On January 31, 2022, Defendants filed their opposition, requesting that the Court apply a substantial across-the-board reduction in attorney's fees and deny the award of fees for any work performed by Plaintiff's counsel in connection with the bankruptcy court case. On February 14, 2022, Plaintiff filed its reply. On May 17, 2022, the Court issued a Decision and Order granting Plaintiff's Motion for Attorney's Fees and Costs incurred through February 28, 2022.

On June 9, 2022, Defendants filed a Request to Enter Final Judgment. On July 6, 2022, Plaintiff filed its opposition. On July 20, 2022, Defendants filed their reply.

On February 20, 2023, the Court entered its Judgment, and found that Defendants had complied with the Court's order for specific performance. The Court further found that, because Plaintiff's breach of contract claim which would have provided a basis for damages had been plead in the alternative, no further issues were pending.

On March 7, 2023, Plaintiff filed the instant Second Motion, seeking an additional $5,173.64 in attorney's fees and court costs incurred from March 1, 2022 through Judgment on February 20, 2023. On March 20, 2023, Defendants filed their opposition, arguing that Plaintiff had not submitted any evidence in support of its claim for fees and costs. On April 18, 2023, Plaintiff filed its reply, arguing that Guam Rule of Civil Procedure ("GRCP") 54(d)(2) does not

require supporting invoices to be submitted with a motion for attorney's fees and costs. That argument notwithstanding, Plaintiff attached copies of all invoices listed in the Second Motion.

On March 21, 2023, Defendants filed a Notice of Appeal of the February 20, 2023 Judgment. On March 22, 2023, Defendants filed a Notice of Appeal for the May 17, 2022 Decision and Order granting attorney's fees.

On May 2, 2023, Defendants filed the instant Motion to Strike, requesting that the Court either strike Plaintiff's reply or grant Defendants leave to file a sur-reply. Defendants argued that it was improper for Plaintiff to file new evidence in its reply that could have been submitted in its Second Motion, and that Defendants were not given an opportunity to respond to said evidence.

On June 19, 2023, Plaintiff filed its opposition to the Motion to Strike, arguing that the Motion to Strike did not meet the GRCP 12(f) standard, and that the proposed sur-reply raised arguments previously rejected and created the possibility of conflicting rulings. On July 5, 2023, Defendants filed their reply.

On August 15, 2023, the Court held the first hearing on the Motion to Strike. The Court heard arguments from both parties, but, because the status of the above appeals was still pending before the Guam Supreme Court, the Court abstained from taking the matter under advisement and scheduled a status hearing for November 7, 2023, at 10 a.m.,, when the Court was already scheduled to hear the Second Motion.

On November 7, 2023, the Court was advised that the appeals had been dismissed, and the parties agreed to submit on the pleadings for both motions. The Court subsequently took the Second Motion and the Motion to Strike under advisement.

DISCUSSION

## I. Second Motion for Attorney's Fees and Costs

In the Second Motion, Plaintiff requested that the Court award attorney's fees and costs incurred from March 1, 2022 through Judgment in February 2023. Second Mot., at 1. Plaintiff argued that reasonable attorney's fees and court costs are recoverable in this case because they were authorized by ¶ 21(e) of the Lease/Purchase Agreement between the parties. *Id.* Plaintiff requested the total amount of $5,173.64 in fees and costs, listing invoice numbers, dates, and monthly amounts for the months of March, April, June, July, and October of 2022, and January and February of 2023. *Id.* At 1-2.

In their Opposition, Defendants argue that the Court deny the Second Motion on the grounds that Plaintiff "has not submitted any evidence in support of its claim that it is entitled to an additional $5,173.64 for attorney's fees and costs," because Plaintiff did not submit copies of Plaintiff's counsel's itemized invoices. Opp. to Second Motion, at 2.

### a. Legal Standard

Under Guam law, "[e]xcept when express provision therefor is made either in a statute of Guam or in the [GRCP], costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." GRCP 54(d)(1). Claims for attorneys' fees and related nontaxable expenses generally shall be made by motion, which must be filed no later than fourteen (14) days after entry of judgment, and must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award, as well as the amount or a fair estimate of the amount sought. GRCP 54(d)(2). If directed by the Court, said motion must also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made. *Id.* The Guam Supreme Court has recognized that attorney's fees are

generally not recoverable unless authorized by statute, contract, or under equitable circumstances. *Duenas v. George and Matilda Kallingal, P.C.*, 2012 Guam 4 ¶ 48.

Because Guam's civil procedure rules are generally derived from their federal counterparts, the Guam Supreme Court has held that federal courts' interpretation of the Federal Rules of Civil Procedure ("FRCP") is persuasive in regard to the GRCP. *See Hannah v. Guerrero*, 2020 Guam 15, n.7; *Gov't of Guam v. O'Keefe*, 2018 Guam 4 ¶ 9; *M. Elec. Corp.*, 2016 Guam 35 ¶ 40. According to the federal courts of appeal, a motion for attorneys' fees need not be supported at the time of filing with the evidentiary material bearing on the fees. *Perfect 10, Inc. V. Giganews, Inc.*, 847 F.3d 657 (9th Cir. 2017) (citing Fed. R. Civ. P. 54, 1993 Advisory Comm. Notes); *see also Small Justice LLC v. Xcentric Ventures LLC*, 873 F.3d 313, n.18 (1st Cir. 2017) (finding that trial court was wrong to deny a motion for attorney's fees for lack of supporting documentation). "The material must of course be submitted in due course, according to such schedule as the court may direct in light of the circumstances of the case. What is required is the filing of a motion sufficient to alert the adversary and the court that there is a claim for fees, and the amount of such fees (or a fair estimate)." *Small Justice,* 873 F.3d 313, n. 18 (quoting Advisory Comm. Note to 1993 Amendment of FRCP 54(d)(2)(B)).

**b. Plaintiff has met all of the requirements for entitlement to attorney's fees under GRCP 54(d)(2).**

In their opposition to the Second Motion, Defendants' sole issue is whether Plaintiff has met the burden of proof for entitlement to attorney's fees and costs. Defendants state that "Plaintiff has not submitted any evidence in support of its claim that it is *entitled* to an additional $5,173.64 for attorney's fees and costs" and that "Plaintiff has not met its burden of proof," e.g. "'the burden of establishing *entitlement* to an award.'" Opp. to Second Motion, at 2

(quoting *Love v. Sanctuary Records Group, Ltd.*, 386 F.App'x 686 (9th Cir. 2010)) (emphasis added).

In light of the relevant statutes and case law, the Court finds that Plaintiff has sufficiently proven that it is entitled to attorney's fees under GRCP 54(d)(2). Plaintiff has specified the Judgment for which attorney's fees are sought, Plaintiff has stated the contractual provision which entitles Plaintiff to an award of attorney's fees, and Plaintiff has stated the amount sought. No further supporting documentation was necessary at the time of filing, and the additional documentation was later attached to Plaintiff's reply.

Therefore, the Court finds that Plaintiff has met the burden of proof in its Motion for Attorney's Fees. Further, upon consideration of the supporting documentation, the Court finds that the fees sought are reasonable and thus **GRANTS** Plaintiff's Motion for Attorney's Fees.

## II. **Motion to Strike, or in the Alternative, for Leave to File a Sur-Reply**

Defendants seek to strike Plaintiff's reply and the supporting documentation therein, or, in the alternative, to be granted leave to file a sur-reply, on the grounds that it was improper for Plaintiff to submit allegedly new evidence in its reply. Plaintiff argues that the reply cannot be stricken under GRCP 12(f) because it is not a pleading, and that GRCP 7(a) does not allow any pleadings other than a complaint, answer, reply, or answer or reply to a third-party answer. Plaintiff further argues that, in the alternative, Defendants do not present good cause to file a sur-reply or demonstrate that the reply brief contains any new arguments.

### a. **Legal standard**

#### 1. Motion to Strike

GRCP 12(f) states that, "[u]pon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own

initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." As above, the Court finds federal interpretations of the FRCP persuasive in its interpretation of the GRCP. Federal courts of appeal hold that FRCP 12(f) specifically relates to matters to be stricken from pleadings, and does not pertain to other documents filed with a court. *Wimberly v. Clark Controller Co.*, 364 F.2d 225, 227 (6th Cir. 1966). Pleadings are distinguished from motions and other papers in that pleadings consist of only the following: "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served." GRCP 7(a). No other pleadings are allowed, save when the Court orders a reply to an answer or a third-party answer. *Id.*

However, in addition to the authority provided by Rule 12(f), a court has inherent authority to strike a motion in order to enforce its orders and ensure prompt disposition of legal actions. *Fisher v. Whitlock*, 784 Fed.App'x. 711, 712 (11th Cir. 2019).

2. Sur-reply

Sur-replies are heavily disfavored by courts. *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F.App'x 749, 751 n.2 (5th Cir. 2014). When allowed, sur-replies are usually limited to responding to new matters raised in a reply brief, or to presenting arguments or evidence that could not have been included in an opposition brief. *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). "The decision to permit the filing of a surreply is purely discretionary and should generally be allowed only for valid reasons, such as when the movant raises new arguments in a reply brief." *Meraz-Camacho v. U.S.*, 417 Fed.App'x. 558, 559 (7th Cir. 2011). If the moving party includes impermissible content in a reply brief, the Court can choose, in

lieu of permitting a sur-reply, to simply disregard the impermissible content. *Walsh v. TeleTech Systems, Inc.*, 821 F.3d 155, 159 n.2 (1st Cir. 2016);

**b. The Motion to Strike is improper under GRCP 12(f), and the Court has no grounds to strike under its inherent authority.**

Defendants do not specify through what authority they request the Court to strike Plaintiff's reply to the Second Motion, but as stated above, the Court may typically only strike a pleading in whole or in part by the authority of GRCP 12(f) or the Court's inherent authority. The inherent powers of a trial court permit it "to go as far as to dismiss entire actions to rein in abusive conduct." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).

The Court may not strike Plaintiff's reply to the Second Motion under the authority of GRCP 12(f), because motions to strike under 12(f) are reserved exclusively for pleadings and, pursuant to GRCP 7(a), a reply to a motion for attorney's fees does not fall within that category, nor does any exhibit attached to said reply.

As to the Court's inherent authority to strike, "[I]t necessarily follows that, as part of its power to manage its own affairs ... a [trial] court can use less drastic measures such as striking documents from the docket to address litigation conduct that does not warrant outright dismissal." *Id.*, at 404-405. However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 830 (9th Cir. 1986).

Upon review, the Court finds that Plaintiff's reply to the Second Motion does not merit sanctions, and particularly does not merit striking the document in question from the record. First, the invoices for attorney's fees attached to Plaintiff's reply are not some sudden, last-minute piece of dispositive evidence that will change the entire outcome of these proceedings.

They were expected, both by the Court, which would inevitably require them in order to find for attorney's fees under GRCP 54(d)(2), and by Defendants, who decried the lack of "copies of counsel's itemized invoices" in their opposition to the Second Motion. Second, the reply itself is not in question; Defendants are protesting an ancillary exhibit attached notwithstanding Plaintiff's actual reply, an exhibit which, again, the Court would have requested in due time without Defendants' intervention.

Defendants further argue that "there was no legitimate excuse for Plaintiff's failure to timely submit the evidence necessary for the Court to consider its request for attorney fees," and that other courts have granted motions to strike because new issues were raised in the reply brief that were not raised in the opening brief. The Court is unconvinced by this argument for three reasons. First, the supporting documentation is not a new issue; it is an attachment that corroborates a previously raised issue. Second, said documentation was not required to be filed with the Second Motion. Third, in all of the cases cited by Defendants in furtherance of their argument, the "reply briefs" in question refer to replies to the parties' opening briefs, i.e. pleadings, which fall within the purview of GRCP 12(f) while the reply at issue in this case does not.

The Court accordingly finds no grounds under GRCP 12(f) or its inherent authority to strike in this instance, and therefore **DENIES** Defendants' Motion to Strike.

### c. Defendants have not provided good cause to be granted leave to file a sur-reply.

The Motion to Strike having been denied, Defendants have also asked in the alternative for leave to file a sur-reply so that Defendants "may have an opportunity to respond to the new evidence presented for the first time in Plaintiff's reply." Opp., at 3. The Court additionally **DENIES** the motion for the below reasons.

In requesting leave to file a sur-reply, Defendants cite to SP0012-16, *Perez v. Civil Serv. Comm'n* (Decision and Order, August 2, 2017), which the Court does not find to support Defendants' position. In that case, the Honorable Vernon P. Perez granted leave to file a sur-reply under a much narrower set of circumstances. "The Court, considering the facts that [the movant] has raised a new issue in her Reply and the Surreply is limited to addressing only that new issue in the Reply, will permit a Surreply." *Perez,* at 3 (August 2, 2017). The Court finds that the current circumstances do not fit the scope of that decision because Plaintiff has raised no new issue for Defendants to address, it has merely directly responded to Defendants' argument that Plaintiff is not entitled to attorneys' fees.

In contrast, Defendants' proposed sur-reply turns almost entirely upon the reasonableness of the attorney's fees, an issue they did not raise in their opposition to the Second Motion, allegedly because they were "unable to make any argument regarding the reasonableness of Plaintiff's requested fees without [evidence of Plaintiff's entitlement to the requested amount]." Mot. to Strike, at 2. Defendants argue that, according to *Perez,* sur-replies may be allowed when the moving party "would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Perez,* p. 4 (Decision and Order, August 2, 2017). However, in their Motion to Strike *et seq.*, Defendants do not explain or provide any legal basis as to why Plaintiff's lack of supporting documentation rendered them unable to, even nominally, contest the reasonableness of Plaintiff's attorney's fees in their opposition brief. They do not name any statute or cite any case law that would have bound their hands. They merely say that they could not raise the issue until they saw the supporting documentation. The Court finds this disingenuous. Plaintiff clearly established the amount sought in the Second Motion, and the Court does not find it too long a walk for a seasoned

lawyer to argue the reasonableness of that amount based on Plaintiff's previous Motion for Attorney's Fees and the billing table in the Second Motion. Reply to Mot. to Strike, at 5.

The Court instead finds that, in failing to argue the issue of reasonableness in its opposition, Defendants effectively abandoned that issue. "Typically, a non-movant's failure to raise an issue in an opposition to a motion constitutes a waiver thereof." *Brown v. DIRECTV, LLC*, 2019 WL 6604879 (C.D. Ca. 2019) (citing, *inter alia, Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008)). The proposed sur-reply being predicated upon an abandoned issue, and there being no new argument put forth by Plaintiff in its reply, the Court exercises its discretion and **DENIES** the request for leave to file the sur-reply.

### d. Due Process Rights

Defendants additionally argue that, "[f]or the Court to consider the new evidence submitted by Plaintiff without allowing Defendants to respond would deny Defendants' right to due process." Mot. to Strike, at 2 (citing *Dr. Robert L. Meinders, D.C., Ltd. V. UnitedHealthcare, Inc.*, 800 F.3d 853, 858 (7th Cir. 2015). Defendants argue that the *Meinders* court held that a trial court denied a party's due process rights by denying its motion to strike reply and subsequently denying the party leave to file a sur-reply brief. The Court distinguishes *Meinders* from this case, for several reasons. First, the trial court in that case did not base its order solely on the new evidence submitted in the reply brief, it also "relied on a novel legal theory" predicated upon that new evidence. *Id.* Second, the reply brief in that case was in response to an opening brief, and was therefore, unlike the reply here, a pleading able to be stricken by motion under 12(f). Third, the due process rights at issue in that case were raised because it concerned a dispositive motion, i.e., a motion to dismiss. "Due process, we have cautioned, requires that a plaintiff be given an opportunity to respond to an argument or evidence *raised as a basis to dismiss his or her claims.*" *Id.* "Accordingly, we hold that the

district court deprived Meinders due process by *entering judgment against him on law and facts to which he did not have a full and fair opportunity to respond.*" *Id.* The stakes are nowhere near as high here. The Court has already entered its judgment in this case, and a motion for attorney's fees and costs is far from dispositive. The Court therefore finds *Meinders* to be of limited, if any, authority in this case, and that Defendants' due process rights have not been violated in this instance. Accordingly, the Court maintains its decision to deny Defendants' requests to strike and for leave to file a sur-reply.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendants' Motion to Strike Reply in Support of Second Motion for Attorney's Fees and Costs; **DENIES** Defendants' Motion for Leave to File Sur-Reply; and **GRANTS** Plaintiff's Motion for Attorney's Fees and Costs.

**IT IS SO ORDERED** ___JAN 3 0 2024___ .

_____
**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
*Homlani Law*
*Mark Williams*
Date: 1-30-24 Time: 2:04pm
*M. Sayama*
Deputy Clerk, Superior Court of Guam